UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| EVELYN SUE SPARKS ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:17-cv-00147-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| KROGER LIMITED PARTNERSHIP I, ) | **ORDER** |
| ) | |
| Defendant/Third-Party Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| VILLAGE SQUARE SHOPPING ) | |
| CENTER, LLLP ) | |
| ) | |
| Defendant/Third-Party Defendant ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Evelyn Sue Sparks brought an action against Kroger Limited Partnership I seeking to recover for injuries sustained in an accident that occurred in the parking of the Kroger shopping center in Middlesboro, Kentucky. The action was subsequently removed to the Eastern District of Kentucky. Sparks later amended her complaint to include as a defendant the owner of the property, Village Square Shopping Center, LLLP. Village Square now moves to dismiss Sparks's Amended Complaint. For the following reasons, Village Square's Motion to Dismiss will be **GRANTED.**

**I**

Evelyn Sue Sparks was at Kroger's retail store in Middlesboro, Kentucky, on January 31, 2016, when she sustained injuries after tripping and falling in the parking lot due to a break in the pavement. [R. 36 at 3.] Sparks filed an action against Kroger in Bell Circuit Court on

January 27, 2017, alleging Kroger negligently failed to exercise ordinary care in keeping the premises in a reasonably safe condition and negligently failed to warn Sparks, an invitee, of a latent danger that posed an unreasonable risk of foreseeable injury. [R. 1-1.] Kroger removed the case to this Court on June 5, 2017, on the grounds of diversity of citizenship. [*See* R. 1.]

On June 14, 2017, Kroger filed a Motion for Leave to File a Third-Party Complaint against Village Square, the owner of the property on which Sparks's injury occurred. [R. 7.] In its motion, Kroger stated, "pursuant to the terms of the Lease Agreement, Landlord has a duty to repair and maintain the common area and to indemnify and hold harmless the Tenant from losses, damages, claims and expense . . . relating to the 'common area.'" [R. 7-1 at 2.] The Court granted Kroger's Motion for Leave to File a Third-Party Complaint on July 6, 2017. [R. 11.] On July 31, 2017, Kroger served Village Square with a copy of the Third Party Complaint. [*See* R. 18.]

On January 11, 2018, Sparks moved to amend her complaint for the purpose of adding Village Square as a defendant. [R. 33.] In her Amended Complaint, Sparks contends Village Square, as owner of the property, negligently failed to keep the premises in a reasonably safe condition and negligently failed to warn invitees of dangers that posed an unreasonable and foreseeable risk of injury. [R. 36 at 2-3.] Sparks's Motion was granted without objection, and the Amended Complaint was filed on January 31, 2018. [R. 35; R. 36.] On February 8, 2018, Village Square filed a Motion to Dismiss the Amended Complaint on the basis that the one-year statute of limitations had expired before she filed her Amended Complaint and, therefore, Sparks failed to state a claim against Village Square upon which relief may be granted. [R. 40 at 3.] The Motion to Dismiss has been fully briefed and is now ripe for review.

# II

The Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such a motion, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Moreover, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556). Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, a district court generally may not consider matters presented outside the pleadings unless it converts the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012). The district court, however, also has the discretion to ignore such evidence and resolve the motion solely on the basis of the pleadings. *Heinrich*, 668 F.3d at 405; *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006) (collecting cases). Certain matters beyond the allegations in the complaint such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citations and internal quotation marks omitted).

While Rule 14 governs third-party practice and allows a plaintiff to assert certain claims against a third-party defendant, Rule 15 governs the relation back of amendments to pleadings. Rule 15(c)(1) provides that an amendment will relate back to the date of the original pleading in three circumstances:

> (A) the law providing the applicable statute of limitations explicitly allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

When a plaintiff amends a complaint to add a new defendant, Rule 15(c)(1)(C) governs. *See Beverly v. MEVA Formwork Sys.*, 500 Fed. App'x 391, 393-94 (6th Cir. 2012); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (applying a previous version of Rule 15 that correlates to the current version of Rule 15(c)(1)(C)). Put another way, Fed. R. Civ. P. 15(c) allows for an amendment that changes a party or the name of a party against whom a claim is asserted to relate back to the original pleading if four requirements are satisfied:

> (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of summons and complaint.

*Coy v. Louisville Jefferson Metro Gov't*, No. 3:06-CV-587-S, 2007 WL 3342368, at *3 (W.D. Ky. Nov. 7, 2007).

Notice pursuant to Rule 15(c) can be either actual or constructive. *Beverly*, 500 Fed. App'x at 394 (citing *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996)). The Sixth Circuit

5

has identified the following factors to be considered when determining whether a newly-named defendant had constructive notice of a potential action against it: "the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant." *Beverly*, 500 Fed. App'x at 394 (citations omitted).

Here, the applicable statute of limitations is established by KRS § 413.140, which provides in relevant part, an action for personal injury "shall be commenced within one (1) year after the cause of action accrued." *See* KRS § 413.140(1)(a). That statute does not explicitly allow or otherwise acknowledge relation back, and Kentucky law generally does not allow relation back after the statute of limitations period has expired. *See Nolph v. Scott*, 725 S.W.2d 860, 862 (Ky. 1987); *Phillips v. Lexington-Fayette Urban Cty. Gov't*, 331 S.W.3d 629, 634 (Ky. App. 2010). Furthermore, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." *Cox*, 75 F.3d at 240 (referring to a previous iteration of Rule 15 that correlates to the current version of Rule 15(c)(1)(C)(ii)).

Village Square contends Sparks was barred from adding Village Square as a defendant on the date of her Amended Complaint because the one-year statute of limitations established by KRS § 413.140 had expired. [R. 40 at 3.] Sparks argues that her Amended Complaint should stand pursuant to Rules 14(a)(3) and 15(c)(1)(B). [R. 42 at 1-2.] Sparks further contends that Village Square, upon receiving Kroger's Third-Party Complaint on July 31, 2017, had notice that it may be called to answer for claims by Plaintiff, thus meeting the Rule 15(c) requirements for relation back. [*Id*. at 2.] Village Square asserts Sparks's Amended Complaint adding a new

6

defendant can only relate back to the original pleading if Sparks would have included Village Square in her initial Complaint but for a mistake concerning the proper party's identity, a condition Sparks did not claim. [*See* R. 43 at 2-3.] Village Square further avers that allowing the Amended Complaint to stand would prejudice Village Square because Village Square would be forced to defend against the merits of Sparks's claim, something it would not do as only a Third-Party Defendant. [*Id.* at 3.]

The Court finds Sparks's Amended Complaint asserting claims against a new party is time-barred, pursuant to KRS § 413.140, because Village Square did not have notice, actual or constructive, that it may be called to answer for the claims within one year and 90 days, which includes the one-year statute of limitations and the 90-day period set forth in Rule 4(m) for service of summons and complaint. Sparks acknowledges Village Square had notice only as of July 31, 2017. [R. 42 at 2.] However, pursuant to Rule 15(c)(1)(C) and 4(m), Village Square would have had to receive notice by April 27, 2017[1], in order for Sparks to be allowed to add Village Square as a defendant to this action. Sparks makes no allegation that Village Square meets any of the factors identified in *Beverly* that would cause Village Square to otherwise have constructive notice. *See Beverly*, 500 Fed. App'x at 394. Further, the Court agrees Village Square would suffer prejudice if forced to defend against the merits of Sparks's claims because it otherwise would not have to do so. Lastly, Sparks makes no indication that she would have

---

[1] Rule 15(c) states a defendant to be added to an action by way of an amended complaint must receive notice that it could be called to answer for the matter within the time allowed by Rule 4(m) for service of summons and complaint. Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) allows 90 days for service of summons and complaint after a plaintiff files a complaint. Here, Plaintiff Sparks filed her initial complaint in Bell Circuit Court on January 27, 2017. Therefore, Village Square had to receive notice that it could be called to answer for that matter within 90 days of January 27, 2017, which calculates out to be April 27, 2017.

named Village Square as a defendant to her initial complaint but for a mistake in identity.  For these reasons, Village Square's Motion to Dismiss will be granted.

## III

The cited authority leads the Court to conclude that Sparks' Amended Complaint asserting claims against Village Square does not relate back to the date of the original Complaint for three reasons.  First, the one-year statute of limitations established by KRS 413.140 expired on January 31, 2017, well before Sparks made a claim against Village Square in the Amended Complaint on January 11, 2018.  Second, Sparks failed to assert that she would have included Village Square as a defendant in her initial complaint but for a mistake concerning Village Square's identity.  Lastly, it cannot be said, based on the record, that Village Square "received such notice of the action" or "knew or should have known that the action would have been brought against it but for a mistake" within the period provided by Rule 4(m), which allows for service of summons and complaint within 90 days after filing of a complaint.  *See* Fed. R. Civ. P. 15(c)(1)(C).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Village Square Shopping Center, LLLP's Motion to Dismiss [**R. 36**] will be **GRANTED;**

2. Plaintiff Evelyn Sue Sparks's claims against Defendant Village Square Shopping Center, LLLP, as set forth in the Amended Complaint, are **DISMISSED WITH PREJUDICE**.  All claims against other defendants remain pending.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge