UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| EVELYN SUE SPARKS | ) |
| | ) |
| Plaintiff, | ) Civil No. 6:17-cv-00147-GFVT |
| | ) |
| V. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| KROGER LIMITED PARTNERSHIP I, | ) **ORDER** |
| | ) |
| Defendant/Third-Party Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| VILLAGE SQUARE SHOPPING CENTER, LLLP | ) |
| | ) |
| Defendant/Third-Party Defendant | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

I.

Evelyn Sparks fell on the walkway leading into Kroger. [R. 47 at 2.] Afterwards she sued for her injuries. [R. 1-1.] Seeking to limit its liability, Kroger brought a third-party claim against its landlord, Village Square. [R. 1-4.] Sparks followed, but her claim against Village Square was time-barred. [R. 45.] As a result, only Sparks' claim against Kroger remains. [R. 46-1.] Kroger thinks this remaining claim should be dismissed on summary judgment because they did not owe a duty of care to Sparks. [R. 46-1] The Court agrees and for the forgoing reasons that motion is **GRANTED**.

II.

A.

This action is in federal court based on diversity jurisdiction, 28 U.S.C. § 1332. Because

Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir.2006) (citations omitted). However, federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 Fed.Appx. 404, 408 (6th Cir.2006).

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F.Supp.2d 577, 582 (E.D.Ky.2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir.2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. Once the movant has satisfied this burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir.1989) (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505). In making this determination, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 Fed.Appx. 450, 452 (6th Cir.2013).

B.

To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) that the breach was the legal causation of the consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky.2003); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky.2012). The element of duty is a question of law for the court to decide, breach and injury are questions of fact for the jury to decide, and causation is a mixed question of law and fact. *Pathways, Inc.*, 113 S.W.3d at 89 (citing *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky.1980)). If there is a genuine dispute as to any material fact concerning the elements of duty, breach, or causation, such that a reasonable jury could find that Kroger was negligent, the Court cannot grant summary judgment. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

A defendant can only owe a duty to a plaintiff if they are the possessor of the land where

the accident happened.[1]  *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 (Ky. 2013).  Therefore, who possessed the walkway—either Kroger or Village Square—where Sparks fell decides this motion.  Kroger alleges that by operation of contract and performance, Village Square was the possessor of the walkway.  Sparks disagrees.  Nonetheless, Kroger must prevail because even taking all inferences in the plaintiff's favor still shows that Kroger is correct.

Both parties agree that Village Square retained by contract responsibility over all Common Areas and the parking lot.  [R.46-1; R. 47.]  And, in these Common Areas, Village Square was required to repair and maintain, keep clean, remove snow and ice, and keep the space lighted during business hours.  There the parties' agreement ends.  Kroger contends that the walkway is a Common Area in possession of Village Square.  Sparks counters that the plain text of the contract, which defines Common Areas as those not covered by a store, forecloses Kroger's reading.  Since the walkway is partially covered it cannot be a Common Area. By implication, then, Kroger must be in possession.

For further support, Sparks points to an unpublished case which sought to put a gloss on the statutory definition of public thoroughfare.  *Krietemeyer v. City of Madisonville*, 2018 WL 4037645 (Ky. Ct. App. 2018).  In that case, the Kentucky Court of Appeals held that stairs leading up to a police station were not a public thoroughfare because the stairs had limited public access (no soliciting), could only be used to access the building, and were physically attached to the building.  *Id.*  Contrary to Sparks assertions, those police station stairs are inapposite to the walkway in front of Kroger.  Here, the public had unfettered access to the walkway in front of

---

[1] Possession is assumed to be limited to one defendant because Sparks has pointed to no caselaw suggesting the possibility of overlapping possessors.

Kroger and could be used, at least in some capacity, by customer's moving around the shopping center. Yes, the walkway was attached to the Kroger building but so are most shopping center sidewalks. To the degree that this provides a similarity between the police station stairs and the walkway—it is illusory.

In response, Kroger's argument about the purpose of the lease-term is persuasive. Village Square's duties in Common Areas included maintenance, repairs, and snow removal. Each of these obligations would be necessary for the upkeep of this exposed concrete walkway. The similarity of duties for keeping the walkway accessible to shoppers makes it like all the other sidewalks in the development possessed by Village Square. While this argument is convincing, it would not, by itself, be enough to grant summary judgment.

Instead, Kroger and Village Square's understanding of the contract and course of performance compels summary judgment. No doubt can be left that Village Square was in possession of the walkway. Kroger's manager testified that he believed in his professional capacity that Village Square was responsible for the walkway and Village Square's affidavit confirmed the same. [R.46-1; R. 48.] Sparks seeks to undermine this evidence by noting that Kroger sometimes picked-up trash or cleared snow from the walkway. But that is not enough. Kroger's intermittent performance of extra-contractual duties only shows that Kroger sought to keep its customer's satisfied; it does not show an assumption of possession. Nor does logic or the law support inventing an implied duty. Imposing liability under these facts would reduce prosocial behavior; precisely the opposite goal of creating such a duty.

In a similar vein, Sparks alleges that Kroger's placement of merchandise displays and shopping carts, as well as certain third-party items shows possession. [R. 47.] This argument is

equally unavailing. Just as a child's items placed outside a parent's apartment door does not convert the hallway into the parent's possession; the placement of various paraphernalia in the walkway does not convert that walkway into Kroger's possession.

Village Square had possession of the walkway. Therefore, if any duty was owed to Sparks it was owed by Village Square. Unfortunately, Sparks' claim against Village Square is barred by time. This does not mean liability can be laid at the feet of Kroger. For that reason, Kroger's motion for summary judgment is **GRANTED**. Judgment in favor of the Defendant shall be entered contemporaneously herewith.

This the 2nd day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge